IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZANE C. JOHNSON, | ) | CASE NO. 1:13 CV 1381 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-
    A.    Background facts, conviction, and sentence . . . . . . . . . . . . . . . . . . . . . . .  -3-
    B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -5-
        1.    Ohio court of appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -5-
        2.    The Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -5-
    C.    Delayed motion to re-open the direct appeal. . . . . . . . . . . . . . . . . . . . . .  -6-
    D.    Federal habeas petition . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -7-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -10-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -10-
    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -11-
        1.    Non-cognizable claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -11-
        2.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -12-
        3.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -14-
    C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -17-
        1.    Ground two should be dismissed as non-cognizable and/or procedurally
            defaulted. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -17-
        2.    Ground one should be denied because the decision of the Ohio appeals
            court was not an unreasonable application of clearly established federal
            law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -21-
            a.    Clearly established federal law – guilty pleas . . . . . . . . .  -21-
            b.    The Ohio court's decision was not an unreasonable application
               of clearly established federal law. . . . . . . . . . . . . . . . . . . .  -22-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -28-

## Introduction

Before me by referral[1] is the *pro se* petition of Zane Johnson for a writ of habeas corpus under 28 U.S.C., § 2254.[2] Johnson is currently incarcerated by the State of Ohio at the Grafton Correctional Institution, where he is serving a sentence of 23 years to life in prison.[3] That sentence was imposed in 2011 by the Cuyahoga County Court of Common Pleas following its acceptance of Johnson's guilty plea to one count of aggravated murder with a firearm specification.[4]

Johnson here raises two grounds for relief, both based on the claim that his plea was invalid.[5] The State in its return of the writ argues that one ground should be dismissed as non-cognizable or procedurally defaulted, and the other should be denied after AEDPA review as without merit.[6] Johnson has filed a traverse, in which he asks for a hearing.[7]

For the reasons that follow, I will recommend that the petition be dismissed in part and denied in part. I will further recommend that Johnson's request for a hearing be denied.

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Jack Zouhary in a non-document order entered on October 3, 2013.

[2] ECF # 1.

[3] *Id*. at 1.

[4] ECF # 8, Attachment (state court record) at 10.

[5] ECF # 1 at 6, 8.

[6] ECF # 8 at 6, 15.

[7] ECF # 10.

# Facts

**A.    Background facts, conviction, and sentence**

The background facts were set out by the prosecutor at Johnson's plea hearing.

Essentially, Johnson was selling drugs on a Cleveland street corner when the buyer took the drugs and ran off without paying.[8] Enraged, Johnson went home, retrieved a gun, and came back to the same street corner looking for retribution.[9] There, he encountered Kenneth James, a person who was disabled as a result of a prior shooting and who had no connection with the botched drug sale.[10] Nevertheless, Johnson shot James twice, killing him.[11]

When Johnson learned that the person he shot not only had nothing to do with the taking of his drugs, but was also crippled, he confessed to the crime on tape and in writing.[12] Moreover, he directed the police to where they could find the gun used in the killing.[13] The gun was recovered and ballistics tests proved it to be the weapon from which the shots were fired that killed Kenneth James.[14]

---

[8] ECF # 8-4, at 15-18.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

Johnson was indicted in 2010 on one count of aggravated murder with two firearm specifications and one count of having a weapon under disability.[15]After initially pleading not guilty to both counts,[16] and being found competent to stand trial following a psychiatric examination,[17] Johnson and the prosecution entered into plea negotiations. As a result of those discussions, the prosecution agreed to drop the charge of having a weapon while under disability and a one-year gun specification, and Johnson agreed to plead guilty to the charge of aggravated murder and the three-year firearm specification.[18] On August 10, 2010, after a plea hearing, the trial judge accepted Johnson's plea of guilty to the charge of aggravated murder and sentenced him to the 23 years to life prison term mutually suggested by the parties.[19]

**B.     Direct appeal**

***1.     Ohio court of appeals***

On September 20, 2010, Johnson, *pro se*, filed a notice of appeal and motion to file a delayed appeal with the Ohio court of appeals.[20] After granting the motion,[21] Johnson, now with newly appointed counsel, filed a brief raising a single assignment of error:

---

[15] ECF # 8-2, at 1.

[16] *Id.*, at 3.

[17] *Id.*, at 3-5.

[18] *Id.*, at 10.

[19] *Id.*

[20] *Id.*, at 11-46.

[21] *Id.*, at 47.

The trial court abused its discretion by accepting appellant's invalid plea.[22]

The State filed a brief in response,[23] and on June 21, 2012, the Ohio appeals court issued an opinion overruling the assignment of error and affirming the actions of the trial court.[24]

## 2.    *The Supreme Court of Ohio*

Johnson, *pro se*, filed a timely[25] appeal with the Supreme Court of Ohio.[26] In his memorandum in support of jurisdiction, and his amended memorandum, Johnson set forth the following single proposition of law:

> Appellant's Constitutional Rights under the state and federal [constitutions] were violated when the trial court accepted an invalid guilty plea.[27]

The State waived the filing of a response.[28] On October 10, 2012, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial

---

[22] *Id.*, at 48, 54.

[23] *Id.*, at 66.

[24] *Id.*, at 80.

[25] To be timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a), a notice of appeal must be filed within 45 days of entry of the appellate judgment for which review is sought. *See also*, *Applegarth v. Warden*, 377 F. App'x 448, 450 (6th Cir. 2010). Johnson filed the notice of appeal on July 30, 2012, which is less than 45 days after the decision of the trial court on June 21, 2012, and is thus timely.

[26] ECF # 8-3, at 90.

[27] *Id.*, at 92.

[28] *Id.*, at 115.

constitutional question.[29] The record does not show that Johnson sought a writ of certiorari from the United States Supreme Court following this decision.

## C.     Delayed motion to re-open the direct appeal.

Nearly one year after the conclusion of the direct appeal, and subsequent to the filing of the present motion for habeas relief, Johnson, *pro se*, filed a delayed motion to re-open his direct appeal under Ohio Appellate Rule 26(B).[30] In his brief, Johnson raised no issue as to ineffective assistance of counsel, but instead claimed that the State of Ohio had placed him on psychotropic drugs, tried to murder him, and so caused him to go into a coma, resulting in the "fabrication" of his plea by the State and the conviction of an actually innocent person.[31] Without a response by the State, the court of appeals denied the motion as untimely filed.[32]

Johnson, *pro se*, filed a notice of appeal with the Supreme Court of Ohio,[33] which denied the motion on February 19, 2014.[34]

---

[29] *Id.*, at 116.

[30] *Id.*, at 117. Johnson filed the motion on September 19, 2013.

[31] *Id.*

[32] *Id.*, at 157.

[33] *Id.*, at 164.

[34] *See*, http://www.sconet.state.oh.us/Clerk/ecms.

**D.**     **Federal habeas petition**

While his attempt to obtain a delayed re-opening of his direct appeal was pending in

the Ohio courts, Johnson, *pro se*, filed the present timely habeas petition on June 1, 2013.[35]

In his petition, Johnson raises the following two grounds for relief:

> GROUND ONE: THE TRIAL COURT ABUSED IT'S DISCRETION BY
> ACCEPTING APPELLANT'S INVAILD PLEA.
>
> Supporting facts: Wgere [sic] the trial judge is aware that the defendant
> entering a guilty plea to Agg. MURDER in violation of R.C. 2903.01 (A). It
> is incumbent upon the Court to fully explain the elements of the offense
> including the differance between a purposful killing and one committed with
> prior calculation and design before the guilty plea may be accepted as
> KNOWLEDGEABLY, INTELLIGENTLY and VOLINTARIALLY made.[36]
>
> GROUND TWO:
>
> Supporting facts: THIS IS A CASE OF A [FACT BOUND CASE] of a
> NULLITY [ABSOLUTELY]. THE PETITIONER CAN PROVE BY THE
> VENUE OF FACTS OF ALL THE TRIAL COURT'S RECORDS THAT
> THE STATE PRENEDICATEDLY DRUGGED PETITIONER WITH PSYC.
> MEDS TO GET A CONVICTION. SUCH ACT CAUSED PETITIONNER
> TO GO IN TO A comma. THE MEDICAL RECORDS PROVE PETITIONER
> WAS BRAIN DEAD. UPON RECOVERY AND RETURNED TO COUNTY
> JAIL WAS PLACED BACK ON THE SAME MED. AND INCREASED
> DOSAGE TO KILL PETITIONER AS ALL THE FACTUAL EVIDENCE
> PROVED PETITIONER TO BE ACTUALY INNOCENT. ALL THE PRIMA
> FACIE EVIDENCE IS IN THE CARE AND CONTROLE OF THE STATE
> COURT. THESE ACTS AND ACTIONS ARE CLEARLY REPUBNANT
> TO THE Federal Constitution OF THE UNITED STATE'S[37]

---

[35] ECF # 1. This is the date that Johnson certified that he placed the petition into the prison mail system. *Id.* at 16. This date is within one year of the Ohio Supreme Court's decision on October 10, 2012 that dismissed Johnson's appeal. Thus, the present petition is timely.

[36] ECF # 1 at 5.

[37] *Id.* at 7.

As noted, the State in its return of the writ argues first that ground two, which asserts that the State drugged Johnson so as to cause him to go into a coma and thereby produce a fabricated confession, does not state any specific federal constitutional claim for relief and so should be dismissed as non-cognizable.[38] Alternatively, the State points out that even if the allegations of ground two could be construed as a federal claim, these allegations are procedurally defaulted because the only place they were raised to an Ohio court was in Johnson's delayed motion to re-open his appeal, which the Ohio court denied as being untimely.[39] Thus, as the State observes, ground two has never been properly presented to the Ohio courts, and no mechanism exists for Johnson now to do so.[40] Moreover, Johnson has done nothing to excuse the procedural default, thus mandating that ground two be dismissed.[41]

As to ground one, the State contends that it is without merit because the Ohio appeals court decision that rejected this claim was not an unreasonable application of clearly established federal law as concerns valid guilty pleas.[42]

Johnson, in his traverse, asserts that his conviction is a "nullity" because the trial court acquiesced in Johnson's "drugging," which caused him to "go into a comma [sic] ...

---

[38] ECF # 8 at 6-7.

[39] *Id.* at 12.

[40] *Id.* at 13.

[41] *Id.* at 13-15.

[42] *Id.* at 19-25.

produc[ing] brain death."[43] In particular, he claims that the "trail [sic] judge was aware of petitioner's history of treatment with psychotropic meditcations [sic];" that the plea "was against all the scientific test results," which produced evidence proving Johnson's innocence; and that "the police reports prove there where [sic] 3 other suspects."[44] He claims that his "actual innocence" excuses any procedural default, and further permits the federal habeas court to "consider relevant evidence that was either excluded or unavailable at trial."[45] To that end, he asks that this Court hold a hearing so as to preserve evidence for "formal criminal charges to proceed" against the State.[46] Further, he asks this Court to "investigate this crime [that] was purpatrated [sic] upon the petitioner by the state which has not been addressed as of yet."[47]

## Analysis

### A.     Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.      There is no dispute that Johnson is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Johnson meets the

---

[43] ECF # 10 at 6.

[44] *Id.* at 5.

[45] *Id.* at 8.

[46] *Id.* at 9.

[47] *Id.*

"in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[48]

2.  There is also no dispute, as detailed earlier, that the petition here was timely filed under the applicable statute.[49]

3.  In addition, Johnson states,[50] and my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[51]

4.  Moreover, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[52]

5.  Finally, Johnson has not requested the appointment of counsel.[53] He has requested an evidentiary hearing, which should be denied, and will be discussed below.[54]

## B.  Standards of review

### 1.  *Non-cognizable claims*

The federal habeas statute, by its own terms, restricts the writ to state prisoners in custody in violation of federal law.[55] Accordingly, to the extent a petitioner claims that his

---

[48] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[49] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).

[50] ECF # 1 at 12.

[51] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

[52] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[53] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[54] 28 U.S.C. § 2254(e)(2).

[55] 28 U.S.C. § 2254(a).

custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[56] In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[57]

But a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the denial of "fundamental fairness" at trial.[58] The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness" of a trial.[59] Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[60]

The petitioner bears the burden of showing a violation of a principle of fundamental fairness.[61] In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[62] and may not second-guess a state court's interpretation of

---

[56] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[57] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[58] *Estelle*, 502 U.S. at 67-68.

[59] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[60] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[61] *Id.*

[62] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

its own procedural rules.[63] Further, while in general distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[64] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[65]

## 2. *Procedural default*

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[66]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

---

[63] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[64] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[65] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[66] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

(4)　　Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[67]

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[68]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[69] In addition, a showing of actual innocence may also excuse a procedural default.[70]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[71] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire

---

[67] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[68] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[69] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[70] *Id.*

[71] *Id.* at 753.

-13-

proceeding with error of a constitutional dimension.[72] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[73]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[74] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[75]

### 3. AEDPA review

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute provides that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[76]

---

[72] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[73] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[74] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[75] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[76] 28 U.S.C. § 2254(d).

-14-

In applying that statute, the well-known teachings of *Williams v. Taylor* guide the federal habeas court.[77] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[78] *Williams* further holds that a state court decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[79]

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[80] Rather, the federal habeas court may disturb the state court holding only upon showing that it was "objectively unreasonable."[81]

---

[77] *Williams v. Taylor*, 529 U.S. 362 (2000).

[78] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[79] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

[80] *Williams*, 529 U.S. at 411.

[81] *Id.* at 409.

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[82] and "highly deferential" to the decision of the state court.[83] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[84] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[85]

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[86]

As the Supreme Court observed in *Harrington v. Richter*, a state court need not state its reasons or explain its conclusion when it adjudicates a federal claim on the merits.[87] When a criminal defendant presents a federal claim to the state court, which then denies it without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-

---

[82] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[83] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[84] *Richter*, 131 S. Ct. at 786.

[85] *Id.* at 786-87.

[86] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[87] *Richter*, 131 S. Ct. at 784-85.

law procedural principles to the contrary."[88] In such circumstances, the federal habeas court must give deference to the decision of the state court.[89]

## C.    Application of standards

### 1.    *Ground two should be dismissed as non-cognizable and/or procedurally defaulted.*

As the State notes, ground two of this petition does not state any federal constitutional claim for relief, thus making it non-cognizable in a habeas proceeding. While acknowledging that *pro se* pleadings are to be read leniently, it is also true that such lenient treatment has limits.[90] In particular, the principle that courts are not required to identify and develop an argument that a litigant did not applies to *pro se* litigants as well as those represented by counsel, and to habeas petitioners.[91] Further, a lenient reading of *pro se* petitions does not mean "that *pro se* litigants are entitled to a more lenient application of substantive law."[92] Indeed, as the Ninth Circuit observed in this regard, "a litigant who chooses himself as legal representative should be treated no differently [than a litigant represented by an attorney]."[93]

Johnson has not specified what constitutional error is implicated by the facts set out in his narrative making up the second ground for relief, nor is such an error clearly discernable. On one level, Johnson appears to do no more than to raise the issue that his plea

---

[88] *Id.*; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[89] *Brown*, 656 F.3d at 329.

[90] *Geboy v. Brigano*, 489 F.3d 752, 766 (6th Cir. 2007) (citation omitted).

[91] *Id.* at 767.

[92] *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983).

[93] *Jacobson v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (citations omitted).

was not voluntary, which is already the point of ground one. Further, to the degree that Johnson here is raising other claims about the conduct of the trial judge or the prosecution prior to the plea, all such claims are waived by a valid plea and so would no longer be cognizable if the plea in this case is found to be valid.[94]

Johnson's request for an evidentiary hearing so that this Court may independently investigate his allegations also faces the same obstacles as the claim itself. To the extent that ground two is merely a restatement of ground one's assertion that the plea was involuntary, this Court may not now admit new evidence in support of Johnson's claim but is limited to the evidence that was before the Ohio court when it denied the claim on the merits.[95] As the Sixth Circuit stated in commenting on the Supreme Court's holding in *Cullen v. Pinholster*, when a state court has adjudicated a claim on the merits, a habeas petitioner is "stuck with the record that was before the state court."[96]

Moreover, and as discussed above, to the degree that ground two is an attempt to raise a claim related to actions of the trial court or the state prior to the acceptance of the guilty plea, there is no basis for holding an evidentiary hearing when any evidence produced cannot be the basis for habeas relief.[97]

---

[94] *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973).

[95] *Cullen v. Pinholster*, __U.S. __, 131 S. Ct. 1388, 1398 (2011). As stated by the Sixth Circuit, "federal courts are prohibited from conducting evidentiary hearings to supplement existing state court records when a state court has issued a decision on the merits with respect to the claim at issue." *Ballinger v. Prelesnik*, 709 F.3d 558, 561 (6th Cir. 2013).

[96] *Bourne v. Curtin*, 666 F.3d 411, 415 (6th Cir. 2012).

[97] 28 U.S.C. § 2254(e)(2)(B).

The State points out that even if ground two could be understood as stating a cognizable claim for relief, it is procedurally defaulted by reason of being asserted to the Ohio appeals court in an untimely Rule 26(B) application. It has long been well-settled that a decision of an Ohio appeals court, such as here, to deny substantive review to a motion to re-open an appeal because it was not timely filed is an adequate and independent state law basis for foreclosing federal habeas review.[98]

Johnson seems to argue that he can escape the consequences of his procedural default by his claim of actual innocence.[99] But as with much else in Johnson's petition, his argument here is confused as to whether actual innocence is a standalone claim for habeas relief or merely a basis for excusing procedural default. Plainly, actual innocence is not a separate, stand alone claim for habeas relief, but rather is a gateway through which a petitioner may pass when his way is otherwise barred by a procedural impediment.[100] Further, it is true that federal habeas courts may consider new evidence obtained in an evidentiary hearing when such evidence goes to a claim of actual innocence.[101]

But here Johnson has not pointed to any "new, reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

---

[98] *Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2002).

[99] *See*, ECF # 10 at 8.

[100] *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013); *Schlup v. Delo*, 513 U.S. 298, 316 (1995); *Herrera v. Collins*, 506 U.S. 390, 417 (1993); *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007).

[101] *House v. Bell*, 547 U.S. 518, 537-38 (2006).

evidence – that was not presented at trial," but would be such that "no reasonable juror would have found the defendant guilty."[102] At best, Johnson's argument that his confession was not fully voluntary is largely about legal, not factual, innocence. And as the Sixth Circuit teaches, "actual innocence means factual innocence, not mere legal insufficiency."[103] Moreover, to the extent that Johnson has merely noted that the police reports on his case named other suspects, that alone is hardly such conclusive proof of actual innocence as to make it such that no reasonable juror would have found him guilty. Finally, Johnson's comment that "all the scientific test results" in his case "proved innocense [sic],"[104] is flatly contradicted by the ballistics test showing that the bullets that killed Kenneth James were fired from Johnson's gun – the gun Johnson directed the police to as he was confessing to James's murder.[105]

Thus, Johnson has not shown that he is entitled to excuse his procedural default in this case by a claim of actual innocence. And failing to excuse the default means that even if this ground for relief did state some cognizable claim for federal habeas relief, that claim cannot

---

[102] *Maze v. Lester*, 564 F. App'x 172, 180 (6th Cir. 2014) (internal citations omitted).

[103] *Id.* at 181 (quoting *Bell v. Howes*, 703 F.3d 848, 854 (6th Cir. 2012)).

[104] ECF # 10 at 5.

[105] ECF # 8-4, at 15-18.

be addressed here because Johnson defaulted that claim in the Ohio courts by not presenting it to the Ohio appeals court in a timely fashion.[106]

Accordingly, for the reasons stated, ground two should be dismissed as non-cognizable and/or procedurally defaulted, and the request for an evidentiary hearing should be denied.

**2.** ***Ground one should be denied because the decision of the Ohio appeals court was not an unreasonable application of clearly established federal law.***

*a.* *Clearly established federal law – guilty pleas*

A plea of guilty must be entered into knowingly and voluntarily and with sufficient awareness of the relevant circumstances and likely consequences in order to comply with the Due Process Clause.[107] A plea may be involuntary if the defendant does not understand the nature of the constitutional protections he is waiving, or unintelligent if the defendant does not understand the charge against him.[108] "The standard was and remains whether the plea represents the voluntary and intelligent choice among the alternative courses of action open

---

[106] As an additional point, I note, as did the State, that even if Johnson had been timely in filing his motion to re-open under Rule 26(B), he could not have presented his claims concerning an allegedly coerced plea in that forum because Rule 26(B) applications are restricted to the issue of ineffective assistance of trial counsel. ECF # 8 at 12-13. Moreover, even if Johnson would be able to surmount that obstacle, his claim in ground two would have been barred in the Ohio appeals court by Ohio's doctrine of *res judicata*, because Johnson knew, or should have known, the facts concerning any purported coerced plea at the time of his direct appeal. His failure to bring such a claim at the earliest opportunity would have barred its presentment at a later time. ECF # 8 at 12. In short, there are literally numerous procedural default issues with ground two.

[107] *Boykin v. Alabama*, 395 U.S. 238, 244 (1969).

[108] *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976).

to the defendant."[109] In applying this standard, a court must look at the totality of the circumstances surrounding the plea.[110] It is petitioner's burden to show that the plea is not knowing and voluntary.[111] The State generally demonstrates that the plea was voluntary by producing the transcript of the plea proceeding.[112]

b.    *The Ohio court's decision was not an unreasonable application of clearly established federal law.*

The Ohio court of appeals addressed and denied Johnson's claim that his guilty plea was not knowingly, voluntarily, or intelligently made, as follows:

> {¶ 12}  A review of the plea-hearing transcript in this case supports a determination that appellant understood the nature of the charges against him. The record reflects that the trial court began its Civ.R. 11 colloquy by identifying the charges and accompanying specifications brought against appellant. The prosecutor then explained the plea agreement and identified the charges to which appellant would plead guilty. The trial court then asked appellant to answer general questions regarding his level of education, whether he understood the prosecutor's statements, whether he was under the influence of drugs or alcohol, and whether he understood he was withdrawing his previously entered plea of not guilty. Appellant responded appropriately to each question and responded affirmatively that he understood what was happening in the plea proceedings. In response to further questioning, appellant indicated that he understood the constitutional rights he was waiving by pleading guilty.

---

[109] *Sparks v. Sowders*, 852 F.2d 882, 335 (6th Cir 1988) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

[110] *Brady v. United States*, 397 U.S. 742, 749 (1970).

[111] *Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006), citing *Parke v. Raley*, 506 U.S. 20, 31-34 (1992).

[112] *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004), *cert. denied*, 543 U.S. 892 (2004); *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993).

*3 {¶ 13}  The trial court then identified the charges that appellant intended to plead guilty to and their potential sentences. Thereafter, the trial court outlined the recommended sentence agreed to between the parties, making sure appellant understood he was agreeing to the sentence of 20 years to life for aggravated murder with the additional three years for the firearm specification. Upon questioning, appellant affirmatively stated that he understood the nature of his charges and his potential sentence. He also indicated that no one had made any promises, threats, or inducements to cause him to enter the plea. The trial court then asked appellant:

> Understanding that these are your potential sanctions, Mr. Johnson, how do you plead to aggravated murder which occurred on or about October 14th of 2010, in that you in Cuyahoga County unlawfully did purposefully and with prior calculation and design cause the death of Kenneth James, how do you plead to aggravated murder?

> APPELLANT: Guilty.

{¶ 14} Under the totality of these circumstances, we find that the trial court substantially complied with Crim.R. 11(C)(2)(a). The record reflects that the trial court went to great lengths to ensure that appellant understood the nature of the charges and potential penalties. Moreover, appellant expressly stated that he understood the nature of the charges brought against him. Despite appellant's contention that the trial court was required to explain the element of "prior calculation and design," "the trial court was under no obligation to explain the difference between aggravated murder and murder to the appellant." *State v. Howard*, 8th Dist. No. 62130, 1992 WL 140226, *4 (June 18, 1992).

{¶ 15}  Based on the foregoing, we find that appellant's plea was knowingly, voluntarily, and intelligently made and that the trial court substantially complied with the requirements of Crim.R. 11(C).

{¶ 16}  Appellant's sole assignment of error is overruled.[113]

---

[113] ECF # 8-2, at 86-88.

The Ohio appellate determination is neither contrary to, nor an unreasonable application of, United States Supreme Court precedent. As the Supreme Court explained in *Henderson v. Morgan*,[114] a plea of guilty ...

> ... cannot support a judgment of guilt unless it was voluntary in a constitutional sense. And clearly the plea could not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process."[115]

At the same time, however, the Court in *Henderson* added, "There is no need in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense; we assume it does not."[116]  Indeed, just as Ohio did in the instant appellate decision, federal habeas courts have found that recitation of all elements of an offense at the guilty plea hearing is not necessary.[117]

---

[114] *Henderson v. Morgan*, 426 U.S. 637 (1976).

[115] *Id.* at 645, quoting *Smith v. O'Grady*, 312 U.S. 329 (1941).

[116] *Id.* at 647 n.18.

[117] *See*, *e.g.*, *Berry v. Mintzes*, 726 F.2d 1142, 1147 (6th Cir. 1984) ("Given the record representation by Berry's counsel, corroborated by Berry's own record admissions that he and his counsel had discussed the charge to which Berry pleaded guilty, any deficiency in the trial court's explanation of intent as an element of murder under Michigan law cannot now provide the basis for finding Berry's plea to have been involuntary."); *West v. Bradshaw*, No. 1:06cv1123, 2007 WL 2780506, at *2-*3 (N.D. Ohio Sept. 24, 2007); *Clay v. Bradshaw*, No. 1:09cv204, 2009 WL 4775773, at *9-*10 (N.D. Ohio Dec. 11, 2009) (aggravated murder defendant should be presumed to have been informed adequately by his counsel of the charge to which he pleaded guilty, and plea transcript supports a determination that petitioner's plea was knowing, voluntary and intelligent).

-24-

In *Bradshaw v. Stumpf*,[118] the United States Supreme Court similarly rejected a defendant's claim that his guilty plea to aggravated murder was not made knowingly in light of the intent element of the offense. The Court said that where "a defendant is represented by competent counsel, the court usually may rely on that counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty."[119] The *Henderson* Court earlier had noted that, "even without such an express representation, it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit."[120]

Here, the State has presented the plea transcript, and nothing in it indicates that Johnson's plea was other than intelligent, knowing, and voluntary. Johnson answered a full series of questions from the court, affirmatively waiving all the rights he would have had if he had taken the case to trial. He answered affirmatively when asked if he understood the charges and the possible sentences. He said that he had read the indictment against him.[121] As the appellate court noted, the trial court specifically asked Johnson how he pled to the aggravated murder, including the element of prior calculation and design:

---

[118] *Bradshaw v. Stumpf*, 545 U.S. 175 (2005).

[119] *Id.* at 183.

[120] *Henderson*, 426 U.S. at 647; *see also*, *Cooper v. Smith*, No. 1:11cv699, 2013 WL 6119223, at *6 (N.D. Ohio Nov. 21, 2013).

[121] ECF # 8-4, at 5.

Understanding that these are your potential sanctions, Mr. Johnson, how do you plead to aggravated murder which occurred on or about October 14th of 2010, in that you in Cuyahoga County unlawfully did purposefully and with prior calculation and design cause the death of Kenneth James, how do you plead to aggravated murder?

APPELLANT: Guilty.[122]

At the same hearing, Johnson indicated that he was forty-nine years old, was literate, and had gotten as far as 11th grade in school.[123] He answered that he was not under the influence of alcohol or drugs, and that nothing was impairing his ability to think clearly or to reason.[124] He proved this throughout the hearing by responding directly and appropriately to question after question.

Johnson listened at the sentencing hearing that followed his plea to a lengthy recital of the facts announced in open court. In the factual recitation, it was established that Johnson had confessed to the offense and had his friend corroborate the confession by leading police to weapons whose bullets matched those used in the murder. As noted, neither Johnson nor his counsel stated any disagreement with what was presented in the factual statement.[125] After he listened to the factual statement and heard from the victim's father, Johnson addressed the victim's family, his own family, and the trial court in a clear and coherent manner, responsive

---

[122] *Id.*, at 13.

[123] *Id.*, at 5.

[124] *Id.*, at 6.

[125] *Id.*, at 14-17.

-26-

to all that had been said. Johnson stated that he was sorry the crime had happened. He went on:

> If I could take it back and start over again, I would. I wouldn't go out there; I'd put the gun back; and nothing would happen. So I am here to pay my retribution and to just give it all to God and hope that his family will forgive me and my family as well.[126]

Furthermore, Johnson's attorney further stated on the record that he had met with his client numerous times, that there had been full and complete discovery, and that the plea would be knowing, intelligent and voluntary.[127] Johnson's counsel added that there "certainly is" a factual basis for the plea.[128]

On this record, Johnson has not met his burden of showing that his guilty plea was other than knowing, intelligent, and voluntary. The Ohio courts' decision rejecting his claim is neither an unreasonable application of United States Supreme Court precedent nor an unreasonable determination of the facts of record. The Ohio court decision is entitled to deference in this federal habeas Court. Ground One is without merit and should be dismissed.

---

[126] *Id.*, at 22.

[127] *Id.*, at 4.

[128] *Id.*, at 4-5.

## Conclusion

For the reasons stated, I recommend that the petition of Zane Johnson for a writ of habeas corpus be dismissed in part and denied in part as is more fully set forth above. I also recommend that Johnson's request for an evidentiary hearing be denied for the reasons set forth above.

Dated: January 14, 2015                          s/ William H. Baughman, Jr.
                                                 United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[129]

---

[129] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).