IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Zane C. Johnson, | Case No. 1:13 CV 1381 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Bennie Kelly, | |
| Respondent. | |

### INTRODUCTION

Before this Court is Zane Johnson's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), Respondent's Return of Writ (Doc. 8) and Petitioner's Traverse (Doc. 10). The Petition sets forth two grounds for habeas relief: (1) the trial court abused its discretion by accepting Johnson's guilty plea; and (2) the state "drugged Petitioner with psyc. meds to get a conviction" and "all the factual evidence proved Petitioner to be actualy [sic] innocent" (Doc. 1 at 7). This case was referred to Magistrate Judge William Baughman who filed a Report and Recommendation ("R&R") denying Ground One and dismissing Ground Two of the Petition (Doc. 15). Johnson raises five objections to the R&R (Doc. 16). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981), and 28 U.S.C. §§ 636(b)(1)(B) & (C), this Court has reviewed the Magistrate Judge's conclusions de novo. For reasons that follow, this Court adopts the R&R and affirms the denial of the Petition.

**BACKGROUND**

The R&R sets forth the relevant factual and procedural background. Briefly, on June 27, 2011, Johnson pled guilty in state court to one count of aggravated murder, including a firearm specification (Doc. 8-4 at 2–14). The trial court sentenced Johnson to the stipulated sentence of twenty-three years to life imprisonment (*id.* at 22–23).

On September 20, 2011, Johnson appealed his conviction to the Ohio court of appeals asserting the trial court abused its discretion by accepting an invalid plea (Doc. 8-2 at 11–12, 48–62). On June 21, 2012, the Ohio court of appeals overruled the assignment of error and affirmed the trial court judgment (*id.* at 80–89). On July 30, 2012, Johnson filed a notice of appeal with the Supreme Court of Ohio (Doc. 8-3 at 1–15). On October 10, 2012, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving a substantial constitutional question (*id.* at 27). On September 19, 2013, Johnson filed a delayed motion to re-open his direct appeal under Ohio Appellate Rule 26(B), which the Ohio court of appeals denied as untimely (*id.* at 28–73). On November 25, 2013, Johnson filed a notice of appeal with the Supreme Court of Ohio, which denied the appeal on February 19, 2014 (*id.* at 75–76; Doc. 15 at 6).

Johnson objects to the statements in the R&R that he directed the police to the location of the gun used in the killing (Doc. 16 at 3, 20; Doc. 15 at 3, 20). At Johnson's plea hearing, the prosecutor recounted Johnson's statement to police that Robert Ramos, not Johnson, would take them to where the gun was located (Doc. 8-4 at 18). This detail did not affect the Magistrate's conclusions. The significant fact, which the R&R accurately states, is that ballistics testing matched the gun to the bullets used in the murder (Doc. 15 at 3, 20).

Johnson also objects to the R&R statement of facts as "incomplete and lacking in essential facts relied upon by Petitioner in presenting his claims" because it omits "the state drugged Petitioner into a coma in order to obtain his confession and plea in this case" (Doc. 16 at 3). The R&R addresses Johnson's arguments regarding the voluntariness of his plea in its analysis of Ground Two of the Petition (Doc. 15 at 17–21). This objection is unrelated to the Magistrate Judge's analysis and does not affect the accuracy of the factual recitation.

Accordingly, this Court adopts the R&R's recitation of the relevant factual and procedural background, with the correction that Robert Ramos identified the gun's location to police.

### STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state court decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." A federal court may grant habeas relief if the state court arrives at a decision contrary to the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *(Terry) Williams v. Taylor*, 529 U.S. 362, 404 (2000). The appropriate standard is whether a state court's application of clearly established federal law was unreasonable, and not merely erroneous or incorrect. *Id.* at 409–11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). This is a demanding standard met "only if reasonable jurists would find [a state-court decision] so arbitrary, unsupported or offensive to existing precedent as to fall outside the realm of plausible credible outcomes." *Barker v. Yukins*, 199 F.3d 867, 872 (6th Cir. 1999).

**DISCUSSION**

**Ground One -- Voluntariness of Guilty Plea**

Johnson claims the trial court abused its discretion by accepting his invalid plea. The R&R recommends this Court deny Ground One because Johnson has not met the burden of showing his guilty plea was not knowing, intelligent and voluntary (Doc. 15 at 27). The R&R concludes the Ohio court of appeals did not unreasonably apply clearly established federal law when it reviewed Johnson's plea and found no error (*id.* at 21).

Johnson objects to the R&R's reliance on the plea hearing transcript and the perceived conclusion that the presence of counsel at the plea hearing is "dispositive proof that the defendant understood the implications of the elements of the offenses to which a plea was being entered" (Doc. 16 at 8). Johnson argues the Magistrate Judge should have considered that his attorney "permitted Petitioner to be returned to consciousness propped up in court, and fed lines to parrot back to the Court in the plea colloquy to dispose of the case from his caseload and move on to the next" (*id.*).

"[A] defendant must have 'sufficient awareness of the relevant circumstances and likely consequences' of his plea." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). When a defendant enters a guilty plea, the state has the burden to show the plea was voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). This showing is generally satisfied by the transcript of the relevant state court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326–27 (6th Cir.1993). The factual findings of a state court that the plea was proper generally are accorded a presumption of correctness. *Id.* The petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

4

This Court's review of the record does not support Johnson's claims of coercion or an inability to offer a knowing, voluntary, and intelligent plea. During the plea colloquy, Johnson responded directly and appropriately to each question posed, including that he understood what was happening during the proceeding. Johnson was asked explicitly if he was "under the influence of alcohol, drugs or any medication that would affect [his] ability to think clearly or reason" and he answered with a direct "no" (Doc. 8-4 at 6). After the trial court accepted Johnson's guilty plea, Johnson spoke extemporaneously to his family and the victim's family and apologized for his criminal actions (*id.* at 22). This Court agrees with the R&R conclusion that the Ohio court of appeals decision to uphold Johnson's guilty plea was not contrary to, or an unreasonable application of, clearly established federal law.

**Ground Two -- Allegations of State Drugging**

Johnson's second basis for habeas relief appears to be a restatement of his assertion in Ground One that his plea was involuntary because the state drugged him to get a conviction. The R&R recommends this Court dismiss Ground Two as non-cognizable, because Johnson does not state any federal constitutional claim for relief, and is procedurally defaulted because Johnson first raised this argument in his untimely Rule 26(B) application (Doc. 15 at 17–21). Johnson objects that Ground Two is cognizable; however, he presents no argument in the Objections beyond those addressed in connection with Ground One. Johnson "concedes a procedural default," but submits he has sufficiently asserted actual innocence to excuse the default (Doc. 16 at 4, 6).

When a petitioner has defaulted a federal claim in state court, habeas corpus review of the claim is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will

5

result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 749 (1991). The "actual innocence" doctrine derives from the Supreme Court's "fundamental miscarriage of justice" exception to the procedural default rule and claims of actual innocence "are rarely successful." *Gibbs v. United States*, 655 F.3d 473, 477 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "[A] petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. To prevail, a petitioner must support his allegations with new reliable evidence not presented at trial. *Id.* at 324.

Johnson presents no new evidence to support his claim of actual innocence. In correcting the R&R recitation of facts, Johnson does not contest statements made by the prosecutor at the plea hearing regarding Johnson's confession to aggravated murder, that his companion took the police to where the murder weapon was located, and that ballistics testing matched the bullets that killed the victim. Because Johnson has not demonstrated the reasonable probability of a different outcome, his claim of actual innocence fails.

Johnson further argues any procedural default should be excused because the state impeded his ability to represent himself by "drugging a prisoner to the point of incoherency" (Doc. 16 at 7). To be considered timely, Johnson should have filed his Rule 26(B) motion within 90 days of the June 21, 2012 Ohio court of appeals judgment. The fact that Johnson timely filed his July 30, 2012 notice of appeal with the Ohio Supreme Court while the alleged impediment still existed, and as a pro se appellant, suggests he was not so inhibited by the State's alleged drugging to file a timely Rule 26(B) motion. Because Johnson has not shown he is entitled to excuse his procedural default, Ground Two is denied.

6

Finally, this Court overrules Johnson's objection to the R&R recommendation denying his request for an evidentiary hearing (*id.* at 9). The record fails to reflect that an evidentiary hearing or any material not already made part of the record is required for resolution of Johnson's claims. *See* 28 U.S.C. § 2254(e)(2).

## CONCLUSION

For the foregoing reasons, this Court adopts the R&R as corrected and denies the Petition. Furthermore, Petitioner has not made a substantial showing of the denial of a constitutional right, and this Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 23, 2015